863 F.2d 50
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re WHITE MOTOR CORPORATION, Debtor,
John T. GRIGSBY, Jr., Trustee, Defendants-Appellants,
v.
Donna Lee CREWS, and the Timken Company, et al.,
Plaintiffs-Appellants.
 No. 86-3579, 86-3594 and 86-3726.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1988.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case arose out of a Missouri personal injury action against White Motor Corporation (White), based on a 1978 accident. Ultimately, further proceedings in the action were stayed as a result of the automatic stay granted upon White's filing for bankruptcy in the Northern District of Ohio in 1980.
 
 
 2
 As part of the ongoing proceedings to conclude the bankruptcy case, the district court, by order entered February 17, 1984, allowed personal injury suits against White to go forward in whatever court they were pending. The court ordered that suits already commenced could proceed, and that suits not yet commenced could be filed within 30 days of her order. The Crews family did not file a new action, believing it had already "commenced" an action. The bankruptcy court held, and the district court affirmed, that no action had been commenced because the automatic stay was entered before their case was refiled after a dismissal for improper venue.
 
 
 3
 In the instant case, the parties differed over whether this case had been "commenced" for either state law or bankruptcy law purposes. However, that is not what is at issue here. What is at issue is the interpretation of the district court's order. Since we find that the order can be construed to allow this case to proceed in state court, and since no prejudice to the defendant, nor to the policy embodied in the order, can be discerned from allowing the case to proceed in the state courts, we reverse the decision below and remand to allow the case to go forward in the Missouri courts.[1]
 
 
 4
 * The Crews family sued White based on the death of Donald Crews, a truck driver, while driving a White truck. The original Missouri action was filed in St. Louis in October 1979, but was ultimately dismissed without prejudice because of improper venue. On September 23, 1980, an action was brought in Kansas City, in the proper Missouri court. Unfortunately for the plaintiffs, however, White had filed a petition under Chapter 11 on September 4, 1980, thus automatically staying the filing of any new action or any proceedings in any existing action. 11 U.S.C. Sec. 362. Matters rested there for more than 3 years, until the United States District Court for the Northern District of Ohio, on February 23, 1984, entered an order permitting stayed cases based on product liability (the theory of the Crews's claim) to proceed in their respective courts. The key language of that order allowed already commenced actions to proceed and allowed new actions to be filed within 30 days:
 
 
 5
 (1) The automatic stay ... having terminated, ... product liability cases may be resumed or continued in the appropriate state and federal courts, subject to the following restrictions:
 
 
 6
 (a) Within the limitations of the relevant state law, these actions may proceed to trial
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 (b) ....
 
 
 10
 (c) ....
 
 
 11
 (2) Within the limitations of the relevant state and federal law, a party who has filed ... a timely proof of claim ... but who has not commenced a civil action against White ... may do so in a state or federal court of appropriate jurisdiction within thirty (30) days of the date of this Court's Memorandum and Order
 
 
 12
 * * *
 
 
 13
 * * *
 
 
 14
 (3) Failure by a party to commence an action within the time limits set forth in paragraph (2) shall be deemed a waiver of any right to a trial by jury. The bankruptcy court should then estimate the value of the proof of claim....
 
 
 15
 White waited more than 30 days, until May 1, 1984, and then moved to dismiss the 1980 Missouri action. The next day the plaintiffs, apparently seeking to be doubly protected, filed another action against White in the same Missouri court. After White moved to dismiss this second action, the state court consolidated the two actions, dismissed the 1980 action "without prejudice," but denied the motion to dismiss the 1984 action.
 
 
 16
 Nearly a year later, the trustee for White asked the bankruptcy court to issue an injunction preventing further proceedings in the state court on the grounds that the Crewses had not complied with the terms of the district court's February 1984 order. The bankruptcy court issued the injunction, and the district court upheld this action in an order of May 19, 1986. In that order, the district court argued that the Crewses' filing on September 23, 1980, could not have "commenced" an action because of the existence of the stay, and thus could not be the commencement of an action for purposes of compliance with the court's order.
 
 
 17
 We believe the district judge was not so strictly bound to rules that would have been applicable to "commencement" of an action for purposes of establishing rights under bankruptcy law. Instead, as the district court recognized, no prejudice was done to the defendants, nor violence to the purposes of the order. The court stated:
 
 
 18
 The Crewses have conscientiously litigated their cause of action against White Motor, but they failed to take the one step needed to preserve their jury trial in Missouri. This Court recognizes that their claim essentially fell between the cracks of a massive bankruptcy action. However, the thirty-day period extended by the February 23, 1984 order was provided to allow product liability cases which were not filed before the automatic stay became affective to be commenced. The Crewses did not avail themselves of this reprieve and this Court can not find that "an action has been commenced" where the clear weight of precedent says it has not. Accordingly, the conclusions of the bankruptcy judge are reluctantly affirmed.
 
 
 19
 The purpose of the order was to allow the cases to proceed in appropriate courts, but to give the bankruptcy court and the trustee for White Motors notice of what they faced, within a timely period. Here it is clear that White was on notice. Indeed, it moved to dismiss shortly after the expiration of the 30-day period, and participated fully in all discovery resulting from both the 1980 and 1984 actions. We thus believe that no useful purpose would be served by remitting this one, long-standing, action for resolution in the bankruptcy court, while other actions, of both older and newer vintage, proceed in the state courts.
 
 
 20
 We therefore REVERSE and REMAND with instructions that the district court dismiss the complaint filed by the trustee on August 16, 1985, and dissolve the injunction granted by the bankruptcy court.